**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas Lamar LEWIS, Defendant-Appellant.**

**No. 73-1953**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1973.

Arthur J. Hanes, Sr., Birmingham, Ala. (court appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., J. Stephen Salter, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Thomas Lamar Lewis had been convicted of bank robbery, 18 U.S.C., § 2113(a), (d). On appeal he challenges the sufficiency of the evidence to support the conviction and complains of the

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409 Part I.

instructions upon which the jury decided his case.

Late in the afternoon of December 10, 1971, an armed, masked man robbed the Bank of Rainesville, Alabama. The robber first went to the Rainesville police station, where he took the assistant chief of police hostage by pointing a shotgun at his head. At gun point, the robber relieved the police officer of his gun and forced him to drive with him in a police car to the rear of the Bank. The two gained entrance to the Bank through a back door and proceeded to the lobby, where they stationed themselves in an area not reached by the photo-protection cameras. The robber directed the tellers to bring all the money to him, which was put into a sack that he carried. The employees were thereupon directed to lie on the floor and the robber departed in the police car, taking with him a female bank employee as hostage, who was soon released. While in the Bank, the robber threatened to kill the police officer and everyone present if they did not co-operate. The fruits of the robbery amounted to $25,887. At the time of the trial the money had not been recovered.

Since the robber wore a mask which concealed his face and also wore gloves which left no fingerprints, the prosecution sought to establish his identity by other considerations. The robber "lumbered" when he walked and had a peculiar nervous shift of the hips when standing still. Some of the bank employees testified that they knew the defendant and that he had the same peculiarities of walk and stance as did the robber. The government further proved that Lewis had stated on numerous occasions that if he was going to rob a bank he would do it late of a Friday afternoon, that he would take a police officer hostage prior to the robbery, that he would take a teller with him to insure his escape, and that he would use the police car as the get-away vehicle.

A former co-employee of the defendant testified that on the day of the robbery he had a long gun and a woman's nylon stocking on the back seat of his car. When asked about these items, Lewis stated that he was going to rob the bank that afternoon.

In the presence of others a few weeks before the robbery, Lewis drew a diagram of the interior of the Rainesville bank and indicated where to stand in order to avoid the guard cameras. His former wife testified that one day while washing she found a diagram of the bank in Lewis' pockets. Upon confrontation, he seized the diagram, tore it up and told her to mind her own business.

On one occasion, the defendant brought a shotgun to his place of employment and when asked if it was the weapon used in the robbery responded in the affirmative.

The FBI searched a loft over the defendant's work area, into which he had been seen entering on several occasions through the women's restroom. He thereafter stated that the FBI very near stepped on the money which was hidden under some insulation.

In Hendrix v. United States, 5 Cir., 1964, 327 F.2d 971, it was held that while considerations of identity are ordinarily for the jury, and testimony as to identity need not be positive and certain, there must be something more than testimony *of a resemblance*. This is undoubtedly a sound rule of law, calculated to prevent the unjust conviction of some individual simply because he may bear a resemblance to the true culprit. In the case now before us, however, the proof for the prosecution did not stop with resemblance, but proceeded with the highly incriminating circumstances herein described. The evidence was such as to support the conclusion of a reasonably-minded jury that Lewis had, beyond a reasonable doubt, been the actual robber, United States v. Knox, 5 Cir., 1972, 458 F.2d 612.

The appellant also argues that it was reversible error for the trial Court not to instruct the jury, in so many specific words, that the identification of the defendant had to be established be-

yond a reasonable doubt. In this case identity was not based on an in-court identification possibly tainted by the suggestiveness of an out of court line-up or show-up [Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)]. Judge Allgood gave extensive instructions on the proof required to convict in a circumstantial evidence case. This was followed by supplemental instructions on circumstantial evidence after the jury had requested such. This case went beyond resemblance to include admissions and other highly incriminating evidence. Moreover, there was no objection at the conclusion of the charge, Rule 30, F.R.Cr.P.

We are of the view that the Judgment of the District Court should be, and it is,

Affirmed.