**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph Herbert MARS, Defendant-Appellant.**

No. 76–1876.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 13, 1976.

Decided Feb. 23, 1977.

After Certification on Remand April 11, 1977.

Rehearing Denied May 6, 1977.

---

Thomas E. Jackson, John W. Tapp, F. Randall Karfonta, William L. Woodard, Detroit, Mich., for defendant-appellant.

Philip Van Dam, U. S. Atty., J. Brian McCormick, Frederick S. Van Tiem, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and WEICK and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

Joseph Herbert Mars appeals from his conviction for criminal contempt pursuant to Fed.R.Crim.P. 42(a) and from his conviction for bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to ten years imprisonment for bank robbery and to an additional six months for contempt, manifested by his refusal to obey the order of the District Judge to provide handwriting exemplars.

We find no reversible error in the bank robbery trial, and accordingly affirm that conviction.

We vacate the order of criminal contempt and remand the case for the limited purpose of affording the District Court an opportunity to supply the certificate which we find to be required by Fed.R.Crim.P. 42(a).

The most serious question presented on this appeal involves the summary conviction and sentence for criminal contempt imposed pursuant to Rule 42(a).[1]

The bank robber in this case passed a handwritten demand note to a teller. Prior to trial, Mars produced samples of his handwriting for comparison with the demand note passed to the teller by the robber. At trial the District Court signed an order requiring Mars to supply additional handwriting exemplars. Mars refused to obey this order, against the advice of his attorney, despite repeated opportunities to comply, and after being informed fully by the court of the consequences of his refusal.

We have not been asked to determine whether the District Court, after trial had begun, could repeatedly order appellant to provide additional handwriting exemplars without there appearing an explanation why those he had previously provided were inadequate.

---

1. Rule 42(a):

    *(a) Summary Disposition.* A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

The District Judge found Mars to be in contempt, pursuant to Rule 42(a). In sentencing for contempt, however, he failed to make the certification required by Rule 42(a): "[T]hat he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record."

The principal question on this appeal thus becomes: Does the absence of the required certification require this court to reverse the contempt citation outright, or is it sufficient under the facts of this case to remand to give the District Court an opportunity to provide the missing certificate? We hold that in the present case remand is the appropriate procedure.

The record discloses the following proceedings in the District Court on September 18, 1975:

THE CLERK: United States versus Joseph Herbert Mars.

THE COURT: Mr. McCormick.

MR. McCORMICK: Yes, Your Honor.

Your Honor, the Defendant has asked the Court to have this particular hearing. It comes in the nature of a Show Cause Hearing.

Your Honor, as the Court is aware, you signed an Order ordering Mr. Mars to provide certain handwriting exemplars. Between 12:30 and a quarter to one this afternoon, Special Agent Phelps, pursuant to the Order, went to the Marshal's office, and in Mr. Jackson's presence, contrary to Mr. Jackson's advice, Mr. Mars refused to furnish the examples. I have the Special Agent here.

THE COURT: I don't think it's necessary to have any testimony as to that. Mr. Jackson?

MR. JACKSON: It's not necessary, Your Honor.

THE COURT: Will you tell us what your understanding of this was, your version?

MR. JACKSON: As stated, we met in the Marshal's office at approximately 12:30 to 12:45 to have the samples taken, and at the time the Order was brought down I saw it, Mr. Mars saw it and indicated in my presence, in the presence of the Agent, that he did not want to give a handwriting example.

THE COURT: The part that you are correcting that isn't necessarily true is that you advised him to do so? You did advise him?

MR. JACKSON: I advised him of his rights and what was involved, that the Supreme Court has said in many decisions that a person can give handwriting samples and it is not self-incriminating, and I advised him.

THE COURT: Did you advise him to give the exemplars?

MR. JACKSON: I did in a sense advise him but I could not compel him to do it.

MR. McCORMICK: Your Honor, I would amend what I said to what Mr. Jackson stated.

THE COURT: Mr. Mars, will you stand, please.

You heard the statement that has been made by Mr. Jackson. Is it your position that you refuse to give the exemplars that the Court ordered you to give?

DEFENDANT MARS: Yes.

THE COURT: Do you understand the terms of the Order?

DEFENDANT MARS: Yes; I understand.

THE COURT: Do you wish to have it read to you?

DEFENDANT MARS: I understand.

THE COURT: What is your understanding of the Order? I want to be sure that you do understand it. How do you understand the Order?

DEFENDANT MARS: I understand, to my knowledge, that I was asked to repeat or write these handwriting samples, and I have not. The reason I didn't, because of the fact that I have already written at a later date.

THE COURT: You have what? I can't—

DEFENDANT MARS: I had already written at a later date.

THE COURT: You had already written what?

DEFENDANT MARS: I had already written, and I felt that I shouldn't write again, although I know what the Court Order had said.

THE COURT: You understand that the law is that you do not incriminate yourself, that there is no protection against incrimination by giving the handwriting samples. Do you understand that?

DEFENDANT MARS: Yes; I understand.

THE COURT: You have no Fifth Amendment right to withhold giving the examples?

DEFENDANT MARS: Uh-huh.

THE COURT: Do you?

DEFENDANT MARS: Yes; I understand.

THE COURT: But nonetheless you refuse?

DEFENDANT MARS: Yes.

THE COURT: You know that then is a refusal to obey the Order of the Court?

DEFENDANT MARS: Yes.

THE COURT: For which you can be held in contempt?

DEFENDANT MARS: Yes, sir.

THE COURT: Do you understand that?

DEFENDANT MARS: Yes.

THE COURT: Do you nonetheless still refuse to give those examples?

DEFENDANT MARS: Yes.

On September 22, 1975, the following proceedings occurred:

THE COURT: Let me address myself to the matter of the refusal to obey an Order of the Court first.

I believe that under Rule 42(a), the Rules of Criminal Procedure, a criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the Court.

I believe that Mr. Mars' refusal to obey the Order of the Court does fall within Rule 42(a), does it not?

MR. JACKSON: I can't argue with that, Your Honor, the fact that he did in open Court state that he would not give the exemplars.

THE COURT: Do you agree with that, Mr. McCormick?

MR. McCORMICK: Yes, Your Honor.

THE COURT: Mr. Mars, will you stand.

Since Rule 42(a) of the Rules of Criminal Procedure provide that a criminal contempt may be punished summarily if the judge certifies that he heard the contempt and it was committed in his presence in Court—and I ask you again, do you continue to refuse to obey the Order of the Court?

DEFENDANT MARS: Yes, I do.

THE COURT: I thus find you in criminal Contempt of this Court, and I will punish you for that Contempt as the Court may determine it during or subsequent to the course of this trial. You may be seated.

After the jury had returned a verdict of guilty, the District Judge fixed a ten year sentence for bank robbery, to run concurrently with a sentence imposed by a Michigan State court, and imposed the following sentence for contempt:

Now, with regard to the matter of the contempt action, I did find you in contempt of this Court for your refusal to abide an order of this Court. And it is the judgment and sentence of this Court that for that offense you be confined to the custody of the Attorney General of the United States for a period of six months consecutive to the sentence that I have just now imposed on you in connection with the bank robbery.

■ It is well established that summary punishment for contempt under Rule 42(a) is for "exceptional circumstances." *Harris v. United States*, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965); *United States v.*

*Delahanty,* 488 F.2d 396, 398 (6th Cir. 1973). We hold that the deliberate failure of Mars to obey the order of the District Court in the present case constitutes an "exceptional circumstance" justifying a conviction for contempt. *See Gilbert v. California,* 388 U.S. 263, 265–67, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *United States v. Woods,* 544 F.2d 242, 263 (6th Cir. 1976); *United States v. Franks,* 511 F.2d 25, 32 (6th Cir.), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975).

■ However, we cannot let the conviction for contempt stand, in view of the failure of the District Court to make the certification required by Rule 42(a).

In *United States v. Schrimsher,* 493 F.2d 842, 844–45 (5th Cir. 1974), the Fifth Circuit explained the purpose of the rule in the following language:

Appellate courts have often acknowledged the danger of abuse inherent in a proceeding which does not provide all of the safeguards which normally surround criminal prosecutions. Because of this danger, the procedural requirements of Rule 42(a) must be strictly observed. *Pietsch v. President of United States,* 2 Cir. 1970, 434 F.2d 861, 864 (Justice Clark); *Widger v. United States,* 5 Cir. 1957, 244 F.2d 103, 107. One of these requirements is that the order entered by the judge "shall recite the facts."

The recitation of the facts in the certificate serves an important purpose. As stated in *Tauber v. Gordon,* 3 Cir. 1965, 350 F.2d 843, 845 (en banc), "This requirement is more than a formality. It is essential to disclosure of the basis of decision with sufficient particularity to permit informed appellate review." A relatively recent Ninth Circuit opinion has expanded upon this idea:

" 'Informed appellate review' is possible only if the facts are stated in sufficient detail for the appellate court to determine whether the conduct upon which the conviction rests was contemptuous, factually and legally; whether it was of such character, and occurred in such circumstances, as to permit summary conviction under Rule 42(a), and because Rule 42 sentences are subject to appellate review and revision, whether the conduct relied upon justified the sentence imposed." *United States v. Marshall,* 9 Cir. 1971, 451 F.2d 372, 375.

The order of contempt must recite the specific facts upon which the conviction is based. Conclusory language and general citations to the record are insufficient. (Footnotes omitted.)

*See also, Pietsch v. The President of the United States,* 434 F.2d 861 (2d Cir. 1970), *cert. denied,* 403 U.S. 920, 91 S.Ct. 2236, 29 L.Ed.2d 698 (1971); *United States v. Galante,* 298 F.2d 72, 75 (2d Cir. 1962).

In an appropriate case, reversal for failure to file a certificate under Rule 42(a) is the preferred remedy. *See, United States v. Camil,* 497 F.2d 225, 229–30 (5th Cir. 1974). We hold this not to be such a case. The contempt here was not for a brief incident of misconduct in the courtroom in a trial long since completed, but for the deliberate and repeated refusal of Mars to obey a lawful order of the District Court. Therefore, we remand to afford the District Court an opportunity to issue the required certificate. *United States v. Vano,* 496 F.2d 1195 (5th Cir. 1974).

■ The District Judge did not abuse his discretion in delaying the imposing of the sentence for contempt until he sentenced Mars for the crime of bank robbery. The purpose of the District Judge in delaying sentencing was to afford Mars additional opportunities to change his mind and purge himself of contempt. Obviously Mars was not prejudiced in any way by' this procedure.

In challenging his bank robbery conviction, Mars contends: (1) that the United States Attorney made improper remarks in his argument to the jury; (2) that the District Court committed reversible error by refusing to give a requested instruction re-

garding identification beyond a reasonable doubt; and (3) that the instructions of the court on reasonable doubt, to which no objection was taken at trial, constitute plain error.

■■■ There is no substance to the argument that reversal is required by remarks made by the United States Attorney to the jury. The second contention likewise is without merit. *United States v. Sambrano*, 505 F.2d 284, 286–87 (9th Cir. 1974); *United States v. Lewis*, 485 F.2d 236, 237–38 (5th Cir. 1973), *cert. denied*, 415 U.S. 980, 94 S.Ct. 1569, 39 L.Ed.2d 876 (1974).

■■ As for the third contention, Mars did not object at the trial to the court's instruction on reasonable doubt. The District Court charged the jury as follows:

Now, a reasonable doubt is a doubt based upon common sense and is of such a convincing character that you would be willing to rely upon it unhesitatingly in the most important of your own affairs.

The use of the words "willing to rely" by the District Court is not recommended. It would have been preferable for the District Court to have used the phrase "would not hesitate," instead of "willing to rely." However, this does not constitute plain error where, as here, no objection to the charge was made in the District Court. *United States v. Richardson*, 504 F.2d 357, 361 (5th Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1406, 43 L.Ed.2d 659 (1975); *United States v. Emalfarb*, 484 F.2d 787, 790 (7th Cir.), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). *See United States v. Buffa*, 527 F.2d 1164, 1166 (6th Cir. 1975), *cert. denied*, 425 U.S. 936, 96 S.Ct. 1668, 48 L.Ed.2d 177 (1976).

The conviction for bank robbery is affirmed. The order convicting appellant for contempt is vacated and the cause is remanded for the limited purpose of affording the District Court the opportunity to issue the necessary certificate. Jurisdiction is otherwise retained in this court, with respect to the conviction for contempt, pending receipt of the certificate or advice from the District Judge, within thirty days from the date of the filing of this opinion, that the certificate will not be forthcoming.

### After Certification on Remand

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

In an opinion filed February 23, 1977, this court vacated the order of criminal contempt and remanded the case for the limited purpose of affording the District Court an opportunity to supply a certificate in accordance with Fed.R.Crim.P. 42(a). Jurisdiction was retained in this court with respect to the conviction of Joseph Herbert Mars for contempt.

On March 7, 1977, the District Judge filed a certificate pursuant to Rule 42(a), certifying that Mars, in the presence of the court, engaged in conduct constituting criminal contempt in that he knowingly and intentionally refused to follow an order when repeatedly requested to do so, even though he was informed of his rights, and informed that refusal to comply would constitute criminal contempt. The certificate filed with this court recited the facts constituting contempt, was signed by the District Judge and entered of record.

Accordingly, the action of this court vacating the conviction of Joseph Herbert Mars for criminal contempt is set aside and the conviction for criminal contempt is affirmed.