16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard WALRATH, Defendant-Appellant.
 No. 93-1561.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 Before: MARTIN and RYAN, Circuit Judges; and MATIA, District Judge.*
 PER CURIAM.
 
 
 1
 Richard Walrath appeals his conviction and sentence for defrauding two financial institutions in violation of 18 U.S.C. Sec. 1344. Walrath contends that he was denied the effective assistance of counsel, and that the trial court erred by: (1) improperly instructing the jury; (2) abusing its discretion in excluding certain evidence; and (3) failing to grant a two-point reduction in Walrath's base offense level at sentencing for acceptance of responsibility. For the following reasons, we affirm.
 
 
 2
 From June 3 to August 16, 1991, Richard Walrath executed a scheme to defraud the Houghton National Bank in Houghton, Michigan, and the MFC First National Bank in Marquette, Michigan. During this time period, Walrath was the owner and operator of two Michigan oil companies, Maki Oil and Dahlke Oil. Maki had a checking account with Houghton National Bank, and Dahlke had a checking account with MFC First National Bank.
 
 
 3
 Under Walrath's direction, employees of each oil company concurrently wrote checks on their respective accounts, on a daily basis, for deposit in the other oil company's account. Between June 3 and August 15, three hundred and sixteen checks totalling over $18,313,000 were drawn on the Dahlke account at First National and deposited in the Maki account at Houghton National. Meanwhile, three hundred and four checks totalling over $17,742,000 were drawn on the Maki account and deposited in the Dahlke account, although neither account contained sufficient funds to cover the checks. Walrath relied on both banks' practice of immediately crediting deposit amounts to inflate the apparent balances of the accounts. The banks, in reliance on the apparent account balances, honored checks made out by the companies to third parties when they were presented for payment. When Houghton National discovered this "float" scheme, it closed Maki Oil's account and notified First National. Although First National did not lose any money, Houghton National lost approximately $517,236 because of Walrath's actions.
 
 
 4
 At trial, Walrath admitted that he had intentionally directed the writing of the checks, knowing that there were insufficient funds in the two accounts to cover them. He also testified that he knew that the effect of the transactions would be to artificially inflate the account balances, and that the banks would thus honor certain checks made out to third parties. Walrath claimed, however, that he executed the scheme in order to keep his business operating during difficult financial times. He also asserted that Houghton National tacitly condoned his actions and considered the overdrafts a "loan," relying on Houghton National's knowledge of his business finances and failure to inform him that he was acting illegally.
 
 
 5
 On April 7, 1993, Walrath was convicted after a jury trial of executing a scheme to defraud Houghton National and First National. The district court sentenced Walrath to twenty-four months of imprisonment, and ordered him to pay $12,000 in restitution to Houghton National. In computing Walrath's sentence, the court refused to reduce his base offense level by two points because Walrath had not accepted responsibility for his actions. This timely appeal followed.
 
 
 6
 First, Walrath contends that he was denied the effective assistance of counsel at trial. At oral argument and prior to submission of the case, counsel for Walrath acknowledged that this issue was still pending before the district court. In light of our general belief that motions and arguments concerning the ineffective assistance of counsel should first be considered by the district court, this issue was withdrawn. See, e.g., United States v. Smith, 981 F.2d 887, 894 (6th Cir.1992) (citations omitted).
 
 
 7
 Turning now to Walrath's other allegations, Walrath claims that the district court erred by giving a "willingness to act" instruction to the jury in describing the concepts of guilt and reasonable doubt, although he failed to raise this objection in the trial court as required under Federal Rule of Criminal Procedure 30. Our review is thus limited to "plain errors or defects affecting substantial rights," under Federal Rule of Criminal Procedure 52(b). In its instruction to the jury, the court stated that the prosecution bore the burden of proving Walrath's guilt beyond a reasonable doubt, and continued: "Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act upon it in making the most important decisions in your own lives." Walrath characterizes this language as constituting a "willingness to act" instruction criticized in United States v. Mars, 551 F.2d 711, 716 (6th Cir.1977). The Mars court, however, explicitly approved the "would not hesitate" language quoted above. Id. The jury instruction given by the court was thus perfectly valid.
 
 
 8
 Walrath also asserts that the district court "improperly suppressed evidence" [sic] pertaining to a civil lawsuit, involving Houghton National Bank and a third party, in which the transactions between Walrath and Houghton were characterized as "loans." The court excluded this evidence on the alternative grounds of irrelevance, under Federal Rules of Evidence 401 and 402, and lack of probative value sufficient to outweigh the potential for confusion and prejudice, under Federal Rule of Evidence 403. We review a trial court's determinations of admissibility and relevance under an abuse of discretion standard. United States v. Seago, 930 F.2d 482, 494 (6th Cir.1991). Upon careful consideration of the record, we conclude that the district court did not abuse its discretion by excluding the evidence at issue. As the court stated:
 
 
 9
 A civil suit between these two banks where various theories of liability are bantered about in an attempt to recoup financial losses or maintain what one bank or the other has is not relevant to a charge of check-kiting under Federal Rule of Evidence 401 and 402.
 
 
 10
 To the minimal extent that Walrath's characterization of his transactions as "loans" could be vindicated by this evidence, supporting his claimed lack of intent, we also conclude that the district court's determination of insufficient probative value to outweigh confusion and prejudice, under Rule 403, was not an abuse of discretion.
 
 
 11
 Finally, Walrath argues that the offense level calculated by the court at sentencing should have been reduced by two steps because of his admission of responsibility for the fraud scheme. Sec. 3E1.1. (a) of the United States Sentencing Guidelines provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Application Note 1(c) to this provision states that an appropriate consideration in assessing a defendant's eligibility for this provision is "voluntary and truthful admission to authorities of involvement in the offense and related conduct." Walrath argues that he "openly and honestly" acknowledged the conduct alleged by the government, and that he was thus entitled to the two-point reduction. In rejecting this argument, the district court stated:
 
 
 12
 While it is true that the defendant did not deny the conduct alleged by the government, he did not clearly demonstrate acceptance of responsibility for his criminal conduct while exercising his right to trial. I was here. He admitted to the cold facts of the transaction but denied the element of intent.
 
 
 13
 We review the district court's acceptance of responsibility determination under a clearly erroneous standard, as it is inherently a factual determination depending heavily on credibility assessments. United States v. Luster, 889 F.2d 1523 (6th Cir.1989) (citing United States v. Wilson, 878 F.2d 921 (6th Cir.1989) (additional citation omitted)). In conducting our review, we must also consider Application Note 2 to Sec. 3E1.1. of the Sentencing Guidelines, which provides: "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." The district court found that Walrath consistently denied having the intent to defraud the banks, an essential element of the crime he was charged with under 18 U.S.C. Sec. 1344. In this regard, we note that Walrath continues to assert in his appeal brief that he is not guilty of the crime charged, and argues that the evidence does not show his intent to defraud Houghton National Bank and First National. Upon reviewing the record, we are unable to say that the court's factual determination that Walrath had not accepted responsibility for his actions was clearly erroneous. The court's denial of a two-point offense level reduction was thus appropriate.
 
 
 14
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation