**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey T. GOODLETT, Defendant–
Appellant.**

No. 92–2273.

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 2, 1993.

Decided Sept. 1, 1993.

Patrick E. Corbett, Asst. U.S. Atty., Office of U.S. Atty., Detroit, MI (briefed), for plaintiff-appellee.

Kenneth A. Webb, Troy, MI (briefed), for defendant-appellant.

Before: MILBURN, RYAN, and BATCHELDER, Circuit Judges.

MILBURN, Circuit Judge.

Defendant Jeffrey Tyrone Goodlett appeals his jury convictions for armed bank robbery and aiding and abetting thereof, violations of 18 U.S.C. §§ 2113 and 2, and for the use and carrying of a firearm during the commission of a crime of violence and aiding and abetting thereof, violations of 18 U.S.C. §§ 924(c) and 2. On appeal, the issues presented are (1) whether it was plain error for the district court to instruct the jury that proof beyond a reasonable doubt means "proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives," and (2) whether defendant's trial counsel rendered ineffective assistance in failing to move for a mistrial when defendant brought to his attention the fact that a juror was sleeping during the taking of testimony. For the reasons that follow, we affirm.

## I.

On November 14, 1991, a grand jury returned a two-count indictment against Jeffrey Tyrone Goodlett, Donald Ellery Graham, and Ross Bobby McMillian. The indictment charged defendant Jeffrey Goodlett in count one with armed bank robbery and aiding and abetting in an armed bank robbery, violations of 18 U.S.C. §§ 2113(a), 2113(d), and 2, and in count two with the use and carrying of and aiding and abetting in the use and carrying of a firearm during the commission of a crime of violence, violations of 18 U.S.C. §§ 924(c) and 2.

After jury selection, but before the jury heard any evidence at the trial, the district court instructed the jury:

So the presumption of innocence alone is sufficient to acquit a defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt, after careful and impartial consideration of all the evidence in the case.

It's not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense; the kind of doubt that would make a reasonable person hesitate

to act. *Proof beyond a reasonable doubt must therefore be proof of such convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.*

J.A. 42 (emphasis added). Defendant did not object to this instruction.

During the trial, co-defendant Ross Bobby McMillian, a security guard at First Federal of Michigan Bank ("FFM") in Detroit, Michigan, testified that one week prior to the robbery, he was approached by Jeffrey Goodlett and Donald Graham regarding the robbery and banking procedures. He gave them information in order to assist them in robbing the bank.

The other evidence at trial showed that Goodlett and Graham gained entrance to FFM early in the morning of October 18, 1991. As FFM building custodian Gerald Schuster arrived for work at the bank early that morning and was about to enter the side door, Goodlett approached him and begged, "I'm homeless; I need a place to sleep; let me in." When Schuster moved towards the outside storage area with the idea that Goodlett could sleep there, Goodlett said, "No, no, I want—I want to go in this store." Goodlett was dressed in black and had a shotgun in his hand. Schuster then opened the door and let him in. Goodlett was accompanied by another person, later identified as Donald Graham, who was also carrying a firearm but was wearing a green ski mask. Both had some kind of surgical gloves on their hands.

Sometime after entering the bank, Goodlett put a black ski mask over his face. Goodlett ordered Schuster to turn off the alarm and threatened that he would be killed if the police came. Schuster advised that he did not know how to turn off the alarm; he was then handcuffed and put face down on the floor. After a few hours, assistant bank manager Joanne Alter arrived at the bank. After being forced into the bank and given death threats, she was forced to turn off the alarm system and open the vault. She was then handcuffed and placed in a safe deposit room. The robbers stuffed their bags with $281,946 in cash and exited the bank.

On October 24, 1991, Detroit police arrested Goodlett and Graham. At the time, Good-

lett was in possession of $163,700 in U.S. currency, which was wrapped in FFM money straps. Detroit police found another $102,000 in U.S. currency, also wrapped in FFM money straps, as well as latex gloves and a shotgun, at the residence of Donald Graham.

Following arguments to the jury, and without objection from the defense, the district judge gave the jury the following reasonable doubt charge:

> [T]he defendant starts the trial with a clean state, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.... You must find the defendant not guilty unless the government convinces you to beyond a reasonable doubt that he is guilty.... Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, either. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based upon reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of evidence. *Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives.*
>
> If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you're not convinced, say so by returning a not guilty verdict.

J.A. 327–28 (emphasis added).

On February 13, 1992, the jury convicted defendant Goodlett of both counts charged in the indictment. On May 15, 1992, defendant's attorney filed a motion for withdrawal of counsel and attached a statement made by defendant to the State of Michigan Attorney Grievance Commission. In the statement, defendant expressed his feeling that he should not have been convicted. He pointed out that he had told his attorney that a juror was sleeping, but his attorney did nothing about it because that juror was the only black juror, and he thought that juror might be defendant's only hope. On June 16, 1992, the district court received a letter from defendant asking for a new trial. One reason defendant gave was that a juror went to sleep, and his lawyer did nothing about it. On June 17, 1992, the district court denied the motion for a new trial because defendant was convicted by the jury on February 13, 1992, and therefore the motion for new trial was not made within the seven days allowed by Federal Rule of Criminal Procedure 33. On July 1, 1992, the district court issued an order allowing defense counsel to withdraw. Thereafter, on October 9, 1992, the district court sentenced defendant to consecutive prison terms of eighty-seven months for count one and sixty months for count two, followed by three years of supervised release, restitution in the amount of $16,246 to be paid jointly and severally with co-defendant Donald Graham, and a special assessment of $100. This timely appeal followed.

## II.

### A.

Defendant first argues that the district court incorrectly instructed the jury on the meaning of reasonable doubt. Because defendant did not object to the reasonable doubt charge at the trial, this court may review the jury instruction only for plain error. *See* Fed.R.Crim.P. 30, 52(b). "Plain errors are limited to those harmful ones that are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the trial." *United States v. Causey,* 834 F.2d 1277, 1281 (6th Cir.1987), *cert. denied,* 486 U.S. 1034, 108 S.Ct. 2019, 100 L.Ed.2d 606 (1988). Where a party fails to object at trial, reversal would only be appropriate in exceptional circumstances, where a miscarriage of justice would result. *United States v. Hatchett,* 918 F.2d 631, 643 (6th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2839, 115 L.Ed.2d 1008 (1991).

"[T]he Due Process Clause protects the accused against conviction except upon proof

beyond a reasonable doubt. . . ." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). Defendant argues that by defining proof beyond a reasonable doubt as "proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives," the district court's instruction encouraged each juror to apply a different standard of proof depending on the personality and experience of that individual juror. He argues that this subjective standard might allow a defendant to be convicted on a mere preponderance of the evidence because some jurors would not hesitate to rely on such lesser proof in their own important decisions; some people are just not as cautious as others. Defendant argues that the subjectivity of the instruction permitted the jury to convict him based on proof less than beyond a reasonable doubt, and therefore the instruction violated the Due Process Clause.[1]

The Supreme Court and this circuit, however, have long recognized the instruction given by the district court in this case as a proper instruction on reasonable doubt. For example, in *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954), the district court had defined reasonable doubt as "the kind of doubt . . . which you folks in the more serious and important affairs of your own lives might be willing to act upon." Although this unclear instruction was not grounds for reversal, the Supreme Court expressed its preference for a reasonable doubt instruction that defined reasonable doubt as "the kind of doubt that would make a person hesitate to act. . . ." Likewise, in *United States v. Mars*, 551 F.2d 711, 716 (6th Cir.1977), where the district court had instructed the jury that proof beyond a reasonable doubt "is of such a convincing character that you would be willing to rely upon it unhesitatingly in the most important of your own affairs," this court noted that the district court preferably should have used the phrase "would not hesitate to rely," instead of "willing to rely," but held that the instruction was not plain error. Again, in *United States v. Hart*, 640 F.2d 856, 860–61 (6th Cir.), *cert. denied*, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981), this court, although upholding the district court's reasonable doubt charge, noted that a better definition of reasonable doubt was given by the parties' requested instructions, which both defined reasonable doubt as "the kind of doubt that would make a reasonable person hesitate to act. . . ."

Accordingly, the instruction was not so misleading as to cause a miscarriage of justice in this case. In this regard, we note that the "hesitate-to-act" provision challenged by defendant is identical to this circuit's pattern jury instruction on reasonable doubt. Sixth Circuit pattern criminal jury instruction 1.03, which we hereby approve, provides in relevant part:

> (5) *Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.* If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

(Emphasis added). *See also* Devitt, Blackmar, Wolff, & O'Malley, *Federal Jury Practice and Instructions* § 12.10 (1992). Because the reasonable doubt instruction given by the district court has long been accepted in this circuit, the charge was not plain error,

---

1. Defendant cites cases with no precedential value, relying primarily upon a 1929 decision by the Supreme Court of Wyoming, *State v. Morris*, 41 Wyo. 128, 283 P. 406, 412 (1929), which criticized an instruction that had defined the reasonable doubt standard as requiring "that certainty of guilt that a discreet man would be willing to act upon in his own grave and important concern." *Morris* does not aid us in deciding the present case for three reasons. First, it has no precedential weight in a federal court. Second, although the Wyoming Supreme Court criticized the instruction, it did not reach the issue of whether it was error to use the instruction. Third, this circuit, as well as the Supreme Court, has recognized that a willing-to-act instruction like the one in *Morris* is less preferable than a hesitate-to-act instruction like the one in the present case. *See Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954); *United States v. Mars*, 551 F.2d 711, 716 (6th Cir.1977) (these decisions are discussed in the text).

and the defendant was not denied due process of law.

### B.

■ Defendant argues that he was denied effective assistance of counsel because his attorney failed to move for a mistrial when defendant told him that a juror was sleeping during the taking of testimony. Generally, this court will not review an ineffective assistance of counsel claim raised for the first time on direct appeal because the record has not been sufficiently developed for assessing the merits of the allegation. *E.g., United States v. Gonzales,* 929 F.2d 213, 215 (6th Cir.1991); *United States v. Swidan,* 888 F.2d 1076, 1081 (6th Cir.1989). However, if the record has been sufficiently developed to allow this court to evaluate counsel's performance, this court will consider the ineffective assistance claim even though it was not raised at the district court. *See United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990).

Since defendant did not raise his ineffective assistance of counsel claim with the district court, and the only information in the record concerning the claim is defendant's assertion that his attorney did nothing about a sleeping juror, it would be inappropriate for this court to address the merits of defendant's ineffective assistance claim. "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *United States v. Daniel,* 956 F.2d 540, 543 (6th Cir.1992).

### III.

For the reasons stated, the judgment of the district court is AFFIRMED.