16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald CARPENTER, Defendant-Appellant.
 No. 93-5334.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Reginald Carpenter appeals his jury conviction and sentence for conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) & 846. On appeal, defendant argues that (1) the District Court erred by failing to instruct the jury that "cocaine base" rather than "a controlled substance" was an essential element of the conspiracy, and (2) there was insufficient evidence to sustain the conviction. For the reasons stated below, we affirm.
 
 I.
 
 2
 The following facts are not in dispute. On Monday, June 11, 1990, defendant and one Junior Butler arrived at defendant's cousin Eric Flynn's house in Memphis, Tennessee. The following day, defendant and Butler offered Flynn $100 if he would sign for a postal package and secure it under a coffee table in Flynn's backyard. The package was to arrive from Los Angeles, defendant's city of residence. Flynn agreed.
 
 
 3
 The following day, Postal Inspector L.A. Scott intercepted a suspicious-looking express mail package at the airport in Memphis. Scott obtained a warrant and searched the package. The package, which was addressed to Flynn, contained 1040 grams of cocaine base. Posing as a mail delivery person, Postal Inspector Judy Luther delivered the package to Flynn's house. When she arrived, defendant was on Flynn's porch with Flynn and Flynn's grandmother. Butler was waiting down the street. Defendant left the porch and joined Butler. Flynn signed for the package and secured it under the coffee table in his backyard.
 
 
 4
 Back in the house, Flynn received a phone call from defendant who told Flynn that the police were nearby and that Flynn should take the package, hop the back fence, and meet defendant on the next street. While Flynn was still on the phone, police entered the house pursuant to a search warrant and arrested Flynn. Flynn informed the police of defendant's involvement.
 
 
 5
 On August 13, 1990, a Federal Grand Jury in the Western District of Tennessee indicted defendant on one count of conspiracy to distribute, and to possess with intent to distribute, cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) & 846, and one count of attempt to possess with intent to distribute cocaine base, in violation of the same. A jury trial commenced on December 15, 1992. Two days later, the jury found defendant guilty on Count One (conspiracy) and not guilty on Count Two (attempt). On February 26, 1993, the District Court sentenced defendant to 280 months (23 years, 4 months) to be followed by 5 years of supervised release. Defendant appeals.
 
 II.
 
 6
 Defendant challenges the trial court's jury instructions. The court instructed that an essential element of the conspiracy count was an agreement to possess or distribute "a controlled substance." Instead, defendant argues, the District Court should have specifically identified "cocaine base" as the drug charged. Otherwise, defendant argues, the jury might have found defendant guilty of knowingly conspiring to possess or distribute a controlled substance other than cocaine base. Because defendant did not object to the jury instructions, we review for plain error. See Fed.R.Crim.P. 30, 52(b); United States v. Goodlett, 3 F.3d 976, 978 (6th Cir.1993).
 
 
 7
 Rule 52(b) confers authority to review for plain error:
 
 
 8
 PLAIN ERROR. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
 
 
 9
 Fed.R.Crim.P. 52(b). The Supreme Court recently construed plain error in United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993). A plain error must, first of all, be an error, i.e. a deviation from a legal rule that the defendant has not waived. Id. at 1777. Second, a plain error must be plain, that is, clear or obvious. Id. Third and finally, a plain error must affect substantial rights. This usually means that the error must have affected the outcome of the District Court proceedings.[1] Id. at 1777-78. The defendant has the burden of proving an error affected substantial rights. Id. at 1778. "Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Id. at 1776 (citing United States v. Young, 470 U.S. 1 (1985) (quoting United States v. Atkinson, 297 U.S. 157 (1936))).
 
 
 10
 Defendant correctly states that the court should instruct the jury in accordance with the charge in the indictment. A conviction for a crime not charged is invalid. See Stirone v. United States, 361 U.S. 212, 217 (1960). In this case, defendant was charged with conspiring to distribute, and to possess with intent to distribute, 1040 grams of cocaine base. The question is whether the instructions adequately informed the jury of the elements of the charged offense without being confusing, misleading or prejudicial. See Davis v. Mutual Life Ins. Co. of New York, 6 F.3d 367, 373 (6th Cir.1993). We read the jury instructions as a whole together with the evidence adduced at trial. See Alexander v. Foltz, 838 F.2d 140, 146 (6th Cir.), cert. denied, 486 U.S. 1033 (1988).
 
 
 11
 When instructing the jury, the trial judge first went over the indictment's allegations that defendant "conspired to unlawfully, knowingly and intentionally possess with intent to distribute approximately 1,040 grams of cocaine base and to unlawfully, knowingly and intentionally distribute approximately 1,040 grams of cocaine base." Joint App. at 115. The judge continued:
 
 
 12
 For you to find the defendant guilty of the conspiracy charge, the government must prove the following elements beyond a reasonable doubt; number one, that two or more persons conspired or agreed to commit the crime of possession of a controlled substance with intent to distribute, or the crime of distribution of a controlled substance; second, the government must establish beyond a reasonable doubt that the defendant knowingly and voluntarily joined the conspiracy.
 
 
 13
 Joint App. at 115-16. Thus, the jury was told that an agreement to possess with intent to distribute or to distribute "a controlled substance" must be proved beyond a reasonable doubt. The judge also instructed that "[a]s a matter of law ... cocaine base is a controlled substance under the laws of the United States." Joint App. at 114.
 
 
 14
 With respect to the evidence, defendant concedes that it supports a finding that he knew the mail package contained a controlled substance. The only controlled substance in the case was the cocaine base found in the package. There was no evidence of any other controlled substances nor any evidence that defendant believed the package contained a different controlled substance. Thus, there is no basis to suggest that defendant was convicted for conspiracy to possess a controlled substance other than the cocaine base for which he was charged. Reviewing the jury instruction as a whole together with the evidence in the record, we find no plain error.
 
 III.
 
 15
 Defendant also asserts that the evidence was insufficient to find that he conspired to possess with intent to distribute or distribute cocaine. However, the same evidence which permitted the jury to find that the defendant knew the shipment contained controlled substance permits the inference that he knew what the substance was. The manner in which he attempted to conceal his part in the receipt of the package indicates guilty knowledge of its contents. He was not simply a courier. He made the arrangements for the receipt of the package which was shipped from defendant's home town of Los Angeles to be ultimately received by him in Memphis, Tennessee.
 
 IV.
 
 16
 For the reasons stated above, defendant's conviction and sentence are AFFIRMED.
 
 
 
 [1]
 Actually, "affecting the outcome of the District Court proceedings" is what is meant by "prejudicial." The Supreme Court declined to decide whether the phrase "affecting substantial rights" is always synonymous with "prejudicial." Olano, 113 S.Ct. at 1778