25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Curtis A. HILL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4207.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before RYAN and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Curtis A. Hill, through counsel, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 21, 1989, a jury found Hill guilty of two counts of bank robbery and one count of conspiracy to commit bank robbery. He was sentenced to a total of 20 years in prison. This court affirmed his conviction on appeal. United States v. Hill, No. 90-3403 (6th Cir. December 10, 1990) (per curiam) (unpublished).
 
 
 3
 In support of his Sec. 2255 motion, Hill alleged that counsel rendered ineffective assistance by failing to investigate, or to call to testify, available and willing witnesses who Hill believed would have created a reasonable doubt of his guilt at trial. Hill also argues that he was denied due process because of his counsel's failures. A magistrate judge appointed a federal public defender to represent Hill and held an evidentiary hearing on the matter. Upon review of the evidence and the parties' post-hearing briefs, the magistrate judge determined that Hill had not been prejudiced by his counsel's failure to call certain witnesses and that Hill thus failed to show ineffective assistance of counsel. After a de novo review of this report in light of Hill's objections, the district court adopted that report and denied the motion to vacate.
 
 
 4
 On appeal, Hill again argues that his counsel failed in his duty to investigate potential, material witnesses that could have rendered testimony in his favor and that this deficient performance prejudiced his defense because the "sole link" between Hill and the robbery scheme was the testimony of the participants in the robberies. Thus, Hill reasons that contradictory testimony was absolutely necessary in his defense.
 
 
 5
 To prevail under Sec. 2255, a defendant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Because ineffective assistance of counsel claims are usually not cognizable in a direct criminal appeal, and because this court declined to review this claim in Hill's appeal, this claim may now be considered. United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 6
 To establish ineffective assistance of counsel, Hill is required to show that his counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland, 466 U.S. at 687. These questions are mixed questions of law and fact, subject to de novo review by this court. Strickland, 466 U.S. at 698; Sims v. Livesay, 970 F.2d 1575, 1579 (6th Cir.1992). However, counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Nevertheless, the court must make an independent judicial evaluation of counsel's performance and not be swayed by the defendant's possible acquiescence of counsel's performance at trial. Ward v. United States, 995 F.2d 1317, 1322 (6th Cir.1993). Counsel must act reasonably, make reasonable investigations or make reasonable decisions that make particular investigations unnecessary. Sims, 970 F.2d at 1580 (quoting Strickland, 466 U.S. at 691) (emphasis added in Sims ).
 
 
 7
 The record solidly supports the magistrate judge's findings, based on the testimony elicited at the evidentiary hearing, that Hill's counsel did consider, in a sufficient, reasonable manner, the implications of calling each of the witnesses that Hill would have called to testify. These findings are not clearly erroneous. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993). Moreover, the cases that Hill cites in support of his argument are distinguishable either by their facts or under the applicable law.
 
 
 8
 Accordingly, the district court's order denying Hill's motion to vacate his sentence under Sec. 2255 is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.