35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel R. BAKER, Defendant-Appellant.
 No. 93-4083.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Samuel Rex Baker appeals a judgment of conviction entered on a plea of guilty to one count of conspiracy to obstruct commerce by violence in violation of 18 U.S.C. Sec. 1951, one count of possession of a firearm by a felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e), and one count of interstate transportation of stolen firearms in violation of 18 U.S.C. Secs. 922(i) and 924(a)(2). The district court sentenced Baker to 180 months of imprisonment and a three year term of supervised release, and imposed a $150 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Baker's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Although Baker has not filed a response to his counsel's motion to withdraw, he has filed a letter with the court indicating that he wishes to withdraw his appeal without prejudice, so that he may pursue it at a later date.
 
 
 3
 This court has no authority to allow the dismissal of an appeal without prejudice, and a subsequent appeal would be untimely in any event. Therefore, we deny Baker's request to withdraw his appeal without prejudice.
 
 
 4
 Upon review, we conclude that the district court properly accepted Baker's guilty plea. The record clearly reflects that Baker entered the plea knowingly, voluntarily and intelligently. See Brady v. United States, 397 U.S. 742, 749 (1970). The district court explained to Baker the rights that he was waiving by pleading guilty and the potential sentences that he faced as a result of his guilty plea. Baker acknowledged that he was guilty of the crimes charged. The record shows that he fully understood the direct consequences of his plea, and that the plea represented a voluntary and intelligent choice among the alternatives. North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 5
 We decline to consider at this time Baker's claims that he received ineffective assistance of counsel. The record is inadequate to permit this court to assess their merits, and the claims are more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 6
 We have further examined the record in this case, including the transcripts of Baker's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 7
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rules 9(b)(3), Rules of the Sixth Circuit.