37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro GARZA, Defendant-Appellant.
 No. 93-2169.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges and McCALLA, District Judge.*
 
 ORDER
 
 2
 Alejandro Garza appeals his judgment of conviction entered on his plea of guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. Secs. 846 and 841(a)(1) and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Garza to 78 months of imprisonment, an eight year term of supervised release, and imposed a $100 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Garza's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Garza has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that the district court properly denied Garza's motion to suppress evidence. The warrantless stop and search of Garza's car did not violate the Fourth Amendment, because the officers had probable cause to believe that the vehicle contained evidence of a crime. See United States v. Wright, 16 F.3d 1429, 1437-38 (6th Cir.), cert. denied, 1994 WL 231582 (U.S. June 27, 1994).
 
 
 5
 Further, we conclude that the district court properly determined the amount of drugs to use in arriving at Garza's relevant conduct under the Sentencing Guidelines. The district court's reliance on the statement of a co-conspirator as to prior drug transactions occurring between him and Garza was not clear error. United States v. Jenkins, 4 F.3d 1338, 1345-46 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994).
 
 
 6
 We decline to consider Garza's claims that he received ineffective assistance of counsel at this time. As the record is inadequate to permit this court to assess the merits of these claims, they are not cognizable on direct appeal and are more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994).
 
 
 7
 We have further examined the record in this case, including the transcripts of Garza's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 8
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, U.S. District Judge for the Western District of Tennessee, sitting by designation