51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William JACKSON, Defendant-Appellant.
 No. 94-1173.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1995.
 
 Before: JONES, CONTIE and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 William Jackson appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1993, a jury convicted Jackson of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court sentenced Jackson to 360 months of imprisonment and five years of supervised release, and imposed a $50 special assessment.
 
 
 3
 On appeal, Jackson argues that: 1) there was insufficient evidence to support his conviction; 2) he was denied a fair trial and due process when the district court improperly permitted the prosecution to introduce a videotape; 3) the district court improperly permitted the prosecution to introduce his alleged flight to avoid prosecution, and his use of an alias as substantive evidence against him; 4) the district court improperly permitted the prosecution to introduce evidence of unexplained wealth; and 5) his counsel rendered ineffective assistance.
 
 
 4
 Upon review, we affirm the judgment of conviction and sentence.
 
 
 5
 Initially, we note that Jackson's argument that counsel rendered ineffective assistance is not cognizable on direct appeal and is more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. See United States v. Goodlett, 3 F.3d 976, 986 (6th Cir.1993).
 
 
 6
 Contrary to Jackson's argument, there was sufficient evidence to support his conviction for conspiracy to distribute cocaine. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The record reflects that the government seized a videotape showing Jackson with large sums of money and making references to drugs, various paraphernalia used to make crack cocaine and notebooks containing narcotics tally information indicating that Jackson was a drug dealer. The government's witnesses also testified that Jackson and Chambers, a coconspirator, worked together in a drug trafficking organization.
 
 
 7
 Jackson's remaining arguments are also without merit. Initially, we note that because Jackson did not object to the challenged evidence at trial on the grounds that he now raises we review the challenged rulings only for plain error. See Fed.R.Crim.P. 52(b); United States v. Slone, 833 F.2d 595, 598 (6th Cir.1987). The plain error doctrine mandates reversal only where: 1) error occurred in the district court; 2) the error was plain; 3) the plain error affects substantial rights; and 4) the reviewing court concludes that the plain error affecting substantial rights seriously affected the fairness, integrity or public reputation of the proceedings. United States v. Sherrod, 33 F.3d 723, 724 (6th Cir.1994); United States v. Vincent, 20 F.3d 229, 233 (6th Cir.1994). Plain error occurs where the error is so egregious that it directly leads to a miscarriage of justice. United States v. Wilkinson, 26 F.3d 623, 625 (6th Cir.1994). The district court did not commit plain error in permitting the government to introduce the "dope man" videotape, even though the government did not lay a foundation as to the authenticity of the tape, because Jackson does not dispute that he was the person on the tape. Thus, there was no error affecting the fairness or integrity of the proceedings. See Sherrod, 33 F.3d at 724. There was also no plain error regarding Jackson's coconspirator's statement, included on the tape, because the statement was admissible under an exception to the hearsay doctrine as a statement by a coconspirator made in reference to the conspiracy. See Fed.R.Evid. 801(d)(2)(E); United States v. Clark, 18 F.3d 1337, 1341 (6th Cir.), cert. denied, 115 S.Ct. 152 (1994).
 
 
 8
 Plain error also was not committed when the court admitted evidence of Jackson's flight to avoid prosecution and his use of an alias as the record establishes that Jackson was aware of his indictment at the time he fled. See United States v. Dillon, 870 F.2d 1125, 1127-28 (6th Cir.1989). Finally, no plain error occurred regarding the introduction into evidence of Jackson's unexplained wealth as the videotape clearly showed that he had dominion and control over the large sums of money shown on the videotape. United States v. Ingrao, 844 F.2d 314, 316 (6th Cir.1988).
 
 
 9
 Accordingly, we hereby affirm the judgment of conviction and sentence.