66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald DAVIDSON, Defendant-Appellant.
 No. 94-3716.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Reginald Davidson, a pro se federal prisoner, appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1993, Davidson pleaded guilty to possession with intent to distribute ten kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A)(ii). In exchange for his guilty plea, the government agreed not to pursue any other charges against Davidson. Following a sentencing hearing, Davidson was sentenced to 121 months of imprisonment, five years of supervised release, a $50 special assessment, and forfeiture of a Toyota Minivan.
 
 
 3
 On appeal, Davidson argues that: 1) the district court erred when it determined that he possessed ten kilograms of cocaine; 2) the district court erred when it determined that he was not a minor participant in the criminal offense to which he pleaded guilty; 3) the district court incorrectly computed his Criminal History Category; and 4) counsel rendered ineffective assistance. Davidson also moves for oral argument.
 
 
 4
 Upon review, we conclude that the district court properly determined that Davidson possessed ten kilograms of cocaine. See United States v. Oleson, 44 F.3d 381, 385 (6th Cir.1995); United States v. Herrera, 928 F.2d 769, 773 (6th Cir.1991). The record reflects that Davidson was the aggressor in the transaction, that he had requested ten kilograms of cocaine, and that he had insisted that he could sell all ten kilograms. By signing his plea agreement, Davidson conceded that his relevant conduct could encompass ten kilograms of cocaine; he also acknowledged that by pleading guilty he faced at least ten years of imprisonment. The district court also properly concluded that Davidson was not a minor participant in the offense. See USSG Sec. 3B1.2; United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994); United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir.1993), cert. denied, 114 S.Ct. 1569 and 2172 and 115 S.Ct. 219 (1994). Davidson initiated the transaction and set the terms of the final transaction. The district court also properly calculated Davidson's Criminal History Category. See USSG Sec. 4A.1.1(c); United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991). Davidson's presentence investigation report lists two separate weapons convictions. The first weapons offense occurred on December 11, 1992, when police found a firearm under the passenger seat of Davidson's vehicle. He was found guilty of that offense on April 21, 1993, and received a suspended sentence and one year probation. While on probation Davidson was arrested on May 31, 1993, on a second weapons charge. Davidson later pleaded guilty to this second charge on November 1, 1993, and again received a suspended sentence and one year probation.
 
 
 5
 To the extent that Davidson argues that counsel was ineffective when he did not present evidence of Davidson's mitigating role in the offense, the ineffective assistance of counsel claim is without merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The record reflects that counsel filed written objections to the presentence investigation report, including an objection in which counsel argued that Davidson played a minor role in the offense. Thus, this aspect of the claim is without merit. In all other respects, the record is inadequate to permit the court to provide meaningful review of this claim. Thus, any remaining aspects of this claim are not cognizable on direct appeal and are more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 6
 Accordingly, we deny the motion for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.