66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert REEVES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1173.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: MILBURN, GUY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Reeves appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Reeves pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. Sec. 922(g)(1). Reeves was sentenced to 60 months of imprisonment and 2 years of supervised release. He did not file a direct appeal of his conviction or sentence.
 
 
 3
 Reeves raised four grounds for relief in his Sec. 2255 motion: 1) his guilty plea was not voluntary; 2) the firearm was discovered in an unconstitutional search; 3) the trial court improperly enhanced his sentence; and 4) he was denied the effective assistance of counsel. On January 25, 1995, the district court denied Reeves's motion without requiring a response from the government. It is from this judgment that Reeves now appeals moving for counsel and for transcripts at government expense.
 
 
 4
 The district court is authorized to dismiss a Sec. 2255 motion sua sponte, "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), Rules Governing Sec. 2255 Proceedings. The denial of a Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Relief is appropriate on Reeves's technical claim under the sentencing guidelines only if the record reflects an egregious error that violates due process or a fundamental defect in his sentencing that results in a complete miscarriage of justice. See id. Relief is appropriate as to Reeves's due process, search and seizure and ineffective assistance of counsel claims only if they rise to the level of constitutional violations which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); Vines v. United States, 28 F.3d 1123, 1130 (11th Cir.1994). A de novo review of the record shows that Reeves's motion was properly denied under these standards.
 
 
 5
 Reeves's first claim was based in part on the allegation that his guilty plea was involuntary because the government threatened him with prosecution as an armed career criminal under 18 U.S.C. Sec. 924(e). However, Reeves has abandoned this argument by failing to raise it in his brief on appeal. See United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.), cert. denied, 114 S.Ct. 279 (1993)
 
 
 6
 Reeves also alleged that his guilty plea was involuntary because his sentence exceeded the guideline range that was anticipated by his plea agreement. To obtain review of this claim under Sec. 2255, Reeves must show cause that would excuse his failure to raise it on direct appeal and actual prejudice from the error that he now alleges. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Reeves argues that the failure to raise his claims on direct appeal was caused by the ineffective assistance of counsel. However, Reeves's current arguments do not involve counsel's performance on direct appeal. Moreover, the attachments to the Sec. 2255 motion indicate that counsel reasonably advised Reeves not to appeal in order to avoid any risk that the prosecution would seek resentencing under Sec. 924(e). Thus, Reeves has not shown that counsel's performance was constitutionally deficient, and his failure to establish cause independently precludes review of this claim on the merits. See Murray v. Carrier, 477 U.S. 478, 494-95 (1986).
 
 
 7
 We note, nonetheless, that Reeves was not prejudiced by the failure to raise this claim on direct appeal. The plea agreement clearly states that Reeves's sentence will equal half of the statutory maximum, and the 60-month sentence that he received is half of the statutory maximum allowed for being a felon in possession of a firearm. See 18 U.S.C. Sec. 924(a)(2); United States v. Bashara, 27 F.3d 1174, 1179 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995). Reeves now argues that this provision was not contained in the plea agreement that he signed. However, the plea agreement clearly incorporates the worksheets that are attached to it, and the disputed provision is included on the last page of these worksheets. Moreover, a sentencing memorandum prepared by the defense confirms the parties' understanding that Reeves would not be prosecuted as an armed career criminal in exchange for a plea of 60 months. Finally, the presentence investigation report quotes the exact language of the disputed provision of the plea agreement, and Reeves did not file any objection to this portion of the report.
 
 
 8
 Reeves also alleged that the firearm was discovered during an unconstitutional search of his home. Once again, Reeves must show cause and prejudice regarding his failure to raise this claim on direct appeal, and his failure to establish cause independently precludes review under Sec. 2255. See Murray, 477 U.S. at 494-95; Ratliff, 999 F.2d at 1025. Additionally, Reeves was not prejudiced by the alleged error because he waived this claim by entering a valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 9
 Reeves alleged that the trial court improperly relied on the presentence investigation report to enhance his sentence under USSG Sec. 4B1.2. Review of this claim is also precluded because Reeves has not established cause that would excuse his failure to raise it on direct appeal. See Murray, 477 U.S. at 494-95; Ratliff, 999 F.2d at 1025. Nevertheless, we note that Reeves was not prejudiced by the alleged error because the district court did not rely on this aspect of the presentence investigation report at sentencing. Instead, the court honored the intentions of the parties and sentenced Reeves to 60 months of imprisonment.
 
 
 10
 Reeves alleged that his trial counsel was ineffective because counsel did not investigate his search and seizure claim or protect his rights during the plea bargaining process. The cause and prejudice test does not apply to these types of claims, as they are generally not considered on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993). To establish ineffective assistance of counsel, Reeves must show that his attorney's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). A review of the record shows that counsel's performance was not deficient, as he actively pursued discovery and suppression motions before Reeves entered his guilty plea. The record also indicates that counsel reasonably advised Reeves that he would be exposed to a much longer sentence under the Armed Career Criminal Act if he rejected the government's plea offer. Thus, the district court properly found that Reeves had not been denied the effective assistance of counsel without determining whether he had been prejudiced by the alleged errors. See id. at 687.
 
 
 11
 Accordingly, Reeves's motions for counsel and for transcripts are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.