**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Torry BANKS, Defendant–Appellant.**

**No. 01–1036.**

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2002.

Before JONES and COLE, Circuit Judges; GWIN, District Judge.[*]

### ORDER

Torry Banks appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 2000, a federal jury found Banks guilty of conspiring to distribute marijuana in violation of 21 U.S.C. § 846 and conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(1)(B)(ii), and (h). Banks had been indicted together with numerous other codefendants. At trial, nine of those codefendants testified with respect to Banks's role in the conspiracy.

At sentencing, the Presentence Investigation Report provided for a total offense level of 26, a criminal history category of II, and a guideline range of 70–84 months of imprisonment. The district court determined that Banks was a "minor participant" and applied the "safety valve" provision under USSG § 5C1.2. Accordingly, the district court determined the total offense level to be 24, the criminal history category to be I, and the imprisonment range to be 51 to 63 months. The district court imposed the lowest possible sentence of 51 months of imprisonment to be followed by four years of supervised release.

On appeal, Banks's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In response, Banks moves to dismiss counsel and to have replacement counsel appointed to represent him.

Upon review, we hereby grant counsel's motion to withdraw as it reflects that appellate counsel has independently reviewed the entire record and proceedings. Although believing the appeal to be frivolous, appellate counsel has submitted the following issue for review: whether Banks was denied his right to the effective assistance of counsel.

Banks's ineffective assistance of counsel claim is not cognizable on direct appeal. Banks contends that his trial counsel rendered ineffective assistance because counsel did not file any pretrial pleadings or discovery motions, did not subpoena or call witnesses to testify on Banks's behalf, did not object to the introduction of "other

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

acts" evidence, failed to verbalize and explain his motion to the trial court following the close of all the evidence, and failed to obtain Banks's release on a "reinstated bond" following his voluntary surrender. Claims of ineffective assistance of counsel are rarely cognizable on direct appeal. *United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999), *United States v. Long,* 190 F.3d 471, 478 (6th Cir.), *cert. denied,* 528 U.S. 1032, 120 S.Ct. 555, 145 L.Ed.2d 431 (1999). As a general rule, such claims are not suited for direct review as there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. *United States v. Goodlett,* 3 F.3d 976, 980 (6th Cir.1993). Rather, the customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996).

Here, as appointed appellate counsel points out, Banks has raised this claim for the first time, and the record is inadequate to establish the accuracy of Banks's version of his trial counsel's performance. Thus, we decline to review Banks's ineffective assistance claim on direct appeal under such circumstances.

Additionally, we have reviewed the record and discovered no error warranting reversal of Banks's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw, deny Banks's motion to dismiss counsel, deny Banks's motion to have new counsel appointed to represent him, and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.