**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dameon RUSSELL, Defendant–Appellant.**

No. 01–2148.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

This federal prisoner appeals the sentence of imprisonment entered upon his plea of guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(d). The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dameon Russell pleaded guilty pursuant to a negotiated plea agreement. In exchange for Russell's plea, the government agreed to dismiss another count of the second superseding indictment that carried a mandatory life sentence. The government also agreed that Russell be sentenced to no more than the mid-point of the guideline range the district court found applicable. The government estimated the applicable guideline range to be 121–151 months. The district court sentenced Russell to 121 months of imprisonment and six years of supervised release.

In his timely appeal, Russell claims that his trial attorney rendered ineffective assistance by not advocating several non-prohibited sentencing factors on his behalf in support of a downward departure.

Upon review, we conclude that Russell's ineffective assistance of counsel claim is not cognizable on direct appeal. Claims of ineffective assistance of counsel are rarely cognizable on direct appeal. *United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999); *United States v. Long,* 190 F.3d 471, 478 (6th Cir.1999). As a general rule, such claims are not suited for direct review as there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. *United States v. Goodlett,* 3 F.3d 976, 980 (6th Cir.1993). Rather, the customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir. 1996).

The court cannot ascertain from this record whether the alleged wrongful acts could be considered sound strategy in light of Russell's negotiated plea agreement, sentence at the lowest point of the estimated sentencing range, and expression of satisfaction with trial counsel's representation. Thus, the court will not review Russell's ineffective assistance claim on direct appeal under such circumstances.

Accordingly, we hereby affirm the district court's judgment.