UNITED STATES of America,
Plaintiff–Appellee,

v.

Adam Uell SKELTON, Defendant–
Appellant.

No. 02–6177.

United States Court of Appeals,
Sixth Circuit.

June 20, 2003.

Before MARTIN, Chief Judge; KRUPANSKY and COLE, Circuit Judges.

### ORDER

Adam Uell Skelton, represented by counsel, appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 2002, Skelton pleaded guilty to wielding a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3). The court sentenced Skelton to forty-one months of imprisonment, and three years of supervised release to be served consecutively to a previously imposed term of supervised release. Skelton filed a notice of appeal after the district court granted him an extension of time to file a notice of appeal.

On appeal, Skelton's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether Skelton's guilty plea was valid; and 2) whether the district court properly sentenced Skelton. In a confusing response, Skelton appears to argue that: 3) counsel rendered ineffective assistance because he did not establish that Skelton did not commit the charged offense, and because counsel did not file a timely notice of appeal; and 4) the district court improperly ordered his supervised release be served consecutively to a previously imposed term of supervised release.

Upon review, we conclude that the district court properly accepted Skelton's guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

A review of the record reflects that, during Skelton's plea hearing, the district court explained the rights that Skelton was waiving, and determined that no additional promises or threats had been made to compel Skelton to plead guilty. The district court also determined that Skelton understood the charges against him. The district court explained the potential penalties associated with the guilty plea, including supervised release. Finally, Skelton acknowledged that he assaulted a fellow inmate, even though no one was harmed.

The district court also determined that Skelton was competent to enter a guilty plea. The district court noted that it had received Skelton's competency report, counsel acknowledged that he had reviewed the report, and counsel expressed his opinion that Skelton was competent to proceed with the change of plea hearing. Finally, Skelton acknowledged that he understood that he was pleading guilty to the charged offense. Although Skelton answered one of the court's questions in an incoherent and unresponsive manner, the court concluded that he was malingering, which was consistent with the conclusion of the competency report.

We also conclude that the district court properly sentenced Skelton to a term of forty-one months of imprisonment. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3)

the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guidelines. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie,* 19 F.3d 1102, 1103 (6th Cir.1994).

Counsel correctly argues that Skelton has not presented any issue which fits these criteria. Skelton's total offense level was 15, his Criminal History Category score was VI, and the resulting guidelines range was 41–51. Thus, Skelton's sentence of 41 months was within the applicable guidelines range.

■ However, Skelton correctly argues that his supervised release should not have been ordered to run consecutively to his previously imposed term of supervised release. Although Skelton raised this issue as part of his ineffective assistance of counsel claim, it is more properly construed as an appellate challenge to his sentence. Any term of supervised release imposed by a sentencing court is to run concurrently with any other term of supervised release imposed. *See* 18 U.S.C. § 3624(e); *United States v. Salcido,* 29 Fed.Appx. 216, 221, 2002 WL 74450 (6th Cir.2002). Because the district court improperly ordered Skelton's term of supervised release to be served consecutively to his previously imposed term of supervised release, we conclude that this portion of the sentence should be remanded to the district court for re-sentencing.

Skelton's ineffective assistance of counsel claim lacks merit. Skelton argues that counsel rendered ineffective assistance because he did not establish that Skelton did not commit the charged offense and because counsel did not file a timely notice of appeal.

As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. *See United States v. Goodlett,* 3 F.3d 976, 980 (6th Cir.1993). When the record is adequate to assess the merits of the defendant's allegations, however, the court will consider them. *See United States v. Kincaide,* 145 F.3d 771, 785 (6th Cir.1998).

The record in this appeal is adequate to assess the merits of Skelton's allegations. To establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The reviewing court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McQueen v. Scroggy,* 99 F.3d 1302, 1311 (6th Cir.1996). To satisfy the prejudice prong of the *Strickland* test, Skelton must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

■ Skelton's allegations of ineffective assistance lack merit. First, counsel's performance with respect to Skelton's notice of appeal did not prejudice Skelton because he was granted an extension of time in which to file his notice of appeal. Second, although Skelton now argues that he did not "assault" another inmate because the inmate was not harmed, he clearly admitted that he had threatened the inmate with a broken flourescent light bulb. Counsel attempted to explain Skelton's understanding of the term "assault" to the

court. Nonetheless, because Skelton admitted that he had engaged in conduct that constituted an assault, counsel's performance was not deficient in this regard.

In addition, we have reviewed the record, including the transcripts of the plea and sentencing hearings, and discovered no error warranting reversal of Skelton's conviction or any additional errors warranting reversal of Skelton's sentence.

Accordingly, we deny the motion for release pending appeal, grant counsel's motion to withdraw, affirm the judgment of conviction, and remand the case for resentencing with respect to Skelton's term of supervised release. Rule 34(j)(2)(C), Rules of the Sixth Circuit.