NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0210n.06
Filed: March 24, 2005

No. 04-3330

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DERRICK L. CARTER,

    Defendant-Appellant.

                                    /

On Appeal from the United States District Court for the Northern District of Ohio.

BEFORE:    RYAN and COOK, Circuit Judges; BELL, District Judge.[*]

    RYAN, Circuit Judge.    Derrick L. Carter was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Carter to 41 months' imprisonment, followed by three years of supervised release, and a $100 special assessment. As additional conditions of supervised release, Carter was ordered to participate in an outpatient program for the treatment of drug or alcohol abuse, including substance abuse testing, and an outpatient mental health program. On appeal, Carter challenges his conviction and alleges several sentencing errors. After reviewing the record, we **AFFIRM** Carter's conviction. However, we **VACATE** his sentence and **REMAND** for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005).

_____

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

**I.**

First, Carter argues that the district court plainly erred by incorrectly instructing the jury on the meaning of reasonable doubt.  The instruction used by the district court is taken from Pattern Criminal Jury Instructions, U.S. Sixth Cir. District Judges Ass'n, 1.03 (1991), and has been explicitly approved by this court in United States v. Goodlett, 3 F.3d 976, 979 (6th Cir. 1993).  The defendant's assignment of error is without merit.

**II.**

Next, Carter alleges several sentencing errors, among which is that the district court erred when it sentenced Carter under the Sentencing Guidelines believing they were mandatory, rather than merely advisory.  See Booker, 125 S. Ct. at 757.

Because Carter failed to object at sentencing to the mandatory application of the Guidelines, we review for plain error.  United States v. Barnett, 398 F.3d 516, 525 (6th Cir. 2005).  An appellate court may exercise its discretion to correct an error not raised below only if the error is plain and affects substantial rights.  Johnson v. United States, 520 U.S. 461, 466-67 (1997).  Even then, it is within an appellate court's discretion whether or not to correct such an error.  Id. at 467.

The district court erred when it treated the Guidelines as mandatory, and, although the error was not plain at sentencing, it is sufficient that the error is plain at the time of appellate consideration.  Barnett, 398 F.3d at 525 (citing Johnson, 520 U.S. at 468).  Therefore, the determinative question is whether the error affected the defendant's substantial rights, i.e., whether the defendant was prejudiced.

Under the Sentencing Guidelines, pre-Booker, Carter's criminal history category of III, and offense level of 20, mandated a sentence range of 41-51 months' imprisonment.

The district judge sentenced Carter at the lower end of this range, 41 months.  In <u>Barnett</u>, this court held, as a matter of law, that a sentence to confinement at the bottom of the Guideline range supports an inference of prejudice, and that ordinarily prejudice should be presumed.  398 F.3d at 527.  We are bound by <u>Barnett</u>.

The <u>Barnett</u> rule presuming prejudice is augmented, in this case, by a record that strongly suggests that the district judge thought himself constrained by the Guidelines.  After imposing this sentence, the judge stated: "I just don't think the guidelines give me any ability to be more lenient than that.  You're caught in that set of circumstances."  The obvious inference here, is that the judge <u>may</u> have imposed a lower sentence had he known (as he could not possibly have known) that the Supreme Court would later hold in <u>Booker</u>, with retroactive effect, that the Guidelines were merely advisory.  We think the court's "error" affected Carter's substantial rights.

Finally, under the plain error rule, we may exercise our discretion to correct the error only where it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993) (internal quotation marks and citations omitted).  Carter understandably failed to present his objection to the district court, because his sentencing hearing was held on April 4, 2004, well before the Supreme Court's decisions in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>Booker</u> were released.  Considering the sea change in federal sentencing brought about by <u>Booker</u>, foreshadowed by <u>Blakely</u>, and the reasonable possibility that Carter could receive a lesser sentence under the advisory Guidelines, we believe this is an appropriate case to exercise our discretion.

**III.**

Carter also insists the district court abused its discretion in ordering him to undergo mandatory drug testing and to participate in drug and alcohol abuse programs as conditions of supervised release.  Carter acknowledges that he did not contemporaneously object to the conditions of release.  We find no error, and certainly no plain error, in the district court's imposition of these requirements.

**IV.**

For the foregoing reasons, we **AFFIRM** Carter's conviction, but **VACATE** his sentence and **REMAND** for resentencing.