65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aram Gregory ALKAZOFF, Petitioner-Appellant.
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2003.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1995.
 
 Before: BROWN, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Aram G. Alkazoff, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In December 1987, Alkazoff pleaded guilty to one count of distributing cocaine, and was sentenced to two years of imprisonment. In exchange for the plea, the government dismissed the remaining counts of the indictment. Alkazoff did not appeal his conviction or sentence.
 
 
 3
 In his motion to vacate, Alkazoff argued that: 1) there was no probable cause to support his indictment; 2) his guilty plea was involuntary; and 3) counsel rendered ineffective assistance. Upon review, a magistrate judge filed a report, recommending that the district court deny the motion as without merit. Over Alkazoff's objections, the district court adopted the recommendation and denied the motion. Alkazoff has filed a timely appeal reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S. Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Fed. R. Crim. P. 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993) (technical violation of sentencing guidelines).
 
 
 5
 Alkazoff is barred from seeking relief on his first two claims. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Alkazoff must demonstrate cause and prejudice to excuse his failure to raise his claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). It is clear that Alkazoff can show no prejudice as his claims are without merit. (It is noted that this cause and prejudice analysis does not apply to Alkazoff's ineffective assistance of counsel claim, as that claim was not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir. 1993).)
 
 
 6
 Alkazoff knowingly waived his right to contest the factual and theoretical foundations of his indictment when he pleaded guilty. See Costello v. United States, 350 U.S. 359, 363 (1956). Moreover, Alkazoff's guilty plea was knowing and voluntary. Brady v. United States, 397 U.S. 742, 749 (1970); North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 7
 Alkazoff received effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). At his plea hearing, Alkazoff acknowledged that he distributed cocaine. Thus, there was evidence of Alkazoff's guilt to the charged offense, and counsel was not deficient for advising him to plead guilty to the offense.