67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David B. JOYNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6604.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1995.
 
 Before: NORRIS, SUHRHEINRICH and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 David B. Joyner, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255, as well as his motion for leave to conduct discovery. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Joyner pleaded guilty to conspiracy to distribute marijuana. The district court sentenced Joyner to 51 months of imprisonment. Joyner acknowledged that he did not appeal his judgment of conviction or sentence.
 
 
 3
 In his motion to vacate his sentence, Joyner argued that: 1) he did not knowingly and voluntarily enter his guilty plea; and 2) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit, and denied Joyner's motion for leave to conduct discovery as moot. Joyner has filed a timely appeal, reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 5
 Joyner is barred from seeking relief on his first claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Joyner must demonstrate cause and prejudice to excuse his failure to raise this claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Joyner argued that he did not file a direct appeal because he was unaware of the government's conduct during the direct appeal time period. Even if the court were to conclude that this argument constitutes cause, Joyner still cannot establish prejudice as his claim is without merit. (It is noted that this cause and prejudice analysis does not apply to Joyner's ineffective assistance of counsel claim, as that claim was not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).)
 
 
 6
 The government did not improperly withhold impeachment evidence from Joyner, nor did its conduct invalidate his guilty plea. A defendant's guilty plea remains valid where the prosecution does not disclose potentially exculpatory evidence. Campbell v. Marshall, 769 F.2d 314, 324 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Further, the government has no obligation to disclose impeachment evidence prior to trial. United States v. Presser, 844 F.2d 1275, 1283-84 (6th Cir.1988). Moreover, the government did not become aware that Mikels (a government witness) was engaged in illegal drug trafficking until September of 1992, five months after Joyner pleaded guilty.
 
 
 7
 Counsel rendered effective assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated above, even if the government had been aware of any impeaching evidence, counsel would not have been entitled to the information prior to trial. Presser, 844 F.2d at 1284.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation