67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ryan Marlowe JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2316.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1995.
 
 1
 Before: JONES and DAUGHTREY, Circuit Judges, and GIBSON, District Judge.*
 
 ORDER
 
 2
 Ryan Marlowe Johnson, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In November 1991, a jury found Johnson guilty of conspiracy to distribute narcotics in violation of 21 U.S.C. Sec. 846, possession with intent to distribute cocaine base and cocaine powder and aiding and abetting in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c), drug trafficking within 1,000 feet of an elementary school in violation of 21 U.S.C. Sec. 860(a), and being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The court sentenced him to 300 months of imprisonment. A panel of this court affirmed Johnson's conviction and sentence on appeal. United States v. Johnson, Case No. 92-1171 (6th Cir. Dec. 15, 1992) (per curiam).
 
 
 4
 In his motion to vacate, Johnson argued that: 1) the district court improperly enhanced his sentence; 2) his indictment was invalid; 3) there is insufficient evidence that he was an aider and abettor; 4) the district court did not inform him of his right to appeal; and 5) counsel rendered ineffective assistance. The district court denied the motion as without merit. Johnson has filed a timely appeal, reasserting his claims enumerated 1 and 5. He also moves for in forma pauperis status on appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the federal sentencing guidelines will not warrant relief. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993).
 
 
 6
 Johnson is barred from seeking relief on his first claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Johnson must demonstrate cause and prejudice to excuse his failure to raise his claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Johnson alleged that counsel did not raise his first claim on appeal. While this allegation may establish cause, it does not demonstrate prejudice. Moreover, it is clear that Johnson can show no prejudice as his claim is without merit. (It is noted that this cause and prejudice analysis does not apply to Johnson's ineffective assistance of counsel claim, as that claim was not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).)
 
 
 7
 The district court properly sentenced Johnson. See United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir.1993), cert. denied, 114 S.Ct. 1569 and 2172 and 115 S.Ct. 219 (1994). First, 21 U.S.C. Sec. 841(b)(1)(A)(iii) required the district court to impose a mandatory minimum sentence of 120 months because Johnson possessed more than 50 grams of cocaine. Moreover, 21 U.S.C. Sec. 860 required the district court to double the mandatory minimum term from 120 months to 240 months because Johnson committed the drug offense within 1,000 feet of an elementary school. Finally, the district court imposed the remaining 60 months of imprisonment because Johnson used a firearm during the drug transactions, and 18 U.S.C. Sec. 924(c) requires a mandatory minimum term of 60 months under these circumstances.
 
 
 8
 Johnson received effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated above, the district court simply did not use Johnson's prior convictions to enhance his sentence pursuant to 21 U.S.C. Sec. 851(a)(1). Counsel's failure to object to the sentence did not render his performance deficient, nor did it prejudice Johnson's defense.
 
 
 9
 Accordingly, we hereby grant Johnson pauper status for the limited purpose of this review, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation