**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard ROWALD, Defendant–
Appellant.**

**No. 01–3346.**

United States Court of Appeals,
Sixth Circuit.

Dec. 3, 2001.

Before CLAY and GILMAN, Circuit
Judges; EDGAR, District Judge.*

*ORDER*

Richard Rowald appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Rowald pleaded guilty to a charge of wire fraud, a violation of 18 U.S.C. § 1343. He was sentenced to 18 months of incarceration to be followed by three years of supervised release. He was also ordered to pay nearly $70,000 in restitution to computer retailers whom he defrauded.

In this timely appeal, Rowald's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Rowald was notified of counsel's motion to withdraw. He has responded with a pro se brief in which he raises patently frivolous arguments and a contention that defense counsel was ineffective.

We will grant the motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issue for review: whether Rowald's criminal history category was improperly determined to be Category IV. Counsel states this issue, but he also concedes that it lacks merit and that Rowald's sentence was not affected by the finding in any case. Rowald's pro se contention that counsel was ineffective is not cognizable on direct appeal as the record is not adequately developed to resolve the claim. *United States v. Long*, 190 F.3d 471, 478 (6th Cir.1999); *United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir.1993).

The record reflects that the district court properly accepted Rowald's valid guilty plea, after the magistrate judge–with the consent of the parties–conducted the plea colloquy. In the written agreement, Rowald entered a conditional waiver to his right to appeal his sentence.

A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755. The magistrate judge explained to Rowald the rights he was waiving, the statutory maximum sentences involved,

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Rowald acknowledged his guilt of the crime charged.

Rowald waived his right to raise any sentencing challenge, except he reserved the right to appeal his sentence only if it exceeded the statutory maximum or if the sentencing judge made an upward departure from the applicable guideline range of sentencing. Neither of these conditions precedent came to pass. A waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. *See Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). Nothing suggests that Rowald's assent to this provision was unknowing or involuntary. We will not disturb the agreement of the parties regarding this provision. *United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001).

Lastly, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.