**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kilmer CUNIGA, Defendant–Appellant.**

**No. 02–5976.**

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2003.

William Cohen, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Kilmer Cuniga, pro se, Adelanto, CA, for Defendant–Appellant.

Joseph F. Edwards, Edwards & Edwards, Cookeville, TN, for Defendant–Appellant.

Before: SILER, BATCHELDER, and COOK, Circuit Judges.

## ORDER

This is a direct appeal from a criminal judgment and commitment order. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Kilmer Cuniga was indicted on one count relating to his possession of methamphetamine. Cuniga eventually entered into a conditional agreement to plead to the indictment. The district court accepted the plea and found Cuniga guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The court sentenced Cuniga to a 210 month term of imprisonment and a five year period of supervised release. This appeal followed.

Counsel for Cuniga filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cuniga was served with the motion and brief and was invited to respond. *See Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988). Cuniga did not submit a brief in his own behalf, but he has moved for the appointment of new appellate counsel.

The only arguable issue for appellate review, an issue expressly reserved in the plea agreement, is whether the district court committed reversible error in denying Cuniga's motion to suppress evidence seized during an investigatory stop and verbal exchange at an airport. This court reviews for clear error findings of fact made by a district court in ruling on a motion to suppress evidence; the court's legal conclusions are reviewed de novo. *United States v. Hill,* 195 F.3d 258, 264 (6th Cir.1999); *United States v. Harris,* 192 F.3d 580, 584 (6th Cir.1999). The evidence must be viewed in the light most likely to support the decision of the district court. *United States v. Health,* 259 F.3d 522, 528 (6th Cir.2001); *United States v. Navarro–Camacho,* 186 F.3d 701, 705 (6th Cir.1999). An examination of the record and law using the foregoing standards supports the district court's judgment to deny the motion to suppress evidence.

The facts of this case, viewed in the light most likely to support the decision of the district court, are as follows: On May 23, 2001, law enforcement agents assigned to drug enforcement duties were working at the Nashville International Airport. The agents routinely checked the passenger manifests of incoming flights to see if any

of the passengers fit the profile of a suspected drug courier so as to place the suspect under surveillance and to investigate his background more thoroughly. On that date, the agents focused on a passenger from Los Angeles traveling under the name of Eduardo Garcia. The officers noted, among other things, that Garcia was making a one-way trip to Alabama on a "last minute" reservation, the ticket had been paid for in cash, and the telephone number left with the airline as a "callback" number was not a working number. The officers watched Garcia for a brief time in the Airport but did not initiate any further action before Garcia boarded his connecting flight.

One week later, one of the same officers again spotted Garcia at the Airport. Garcia again exhibited the same "travel habits" and the officers testified that Garcia appeared nervous and was sporting new shoes. This combination of appearances and travel habits caused the officers to approach Garcia for an investigatory encounter. The officers asked for, and received, permission from Garcia to speak with him. The officers produced identification and asked Garcia for his identification. Garcia produced a voter registration card and then indicated that there were other individuals nearby who could vouch for his identity and for the purpose of Garcia's trip. Two of the officers went in search of the individuals pointed out by Garcia. Immediately thereafter, Garcia began sobbing and saying that someone was going to kill him. The remaining officer asked Garcia to step into an alcove and gave Garcia his *Miranda* warnings. Garcia acknowledged his understanding of his rights and then indicated that his bag contained drugs. The party proceeded to the interdiction office where Garcia signed a written waiver of his rights as well as an authorization to search his baggage. The officers discovered a quantity of methamphetamine in Garcia's baggage. Only after signing the complaint did the arresting officer learn that Garcia was, in reality, defendant Kilmer Cuniga.

Cuniga was indicted on one count relating to his possession of methamphetamine and he moved to suppress the introduction into evidence of the methamphetamine. The district court conducted a hearing, from which the preceding version of the events was taken, and denied the motion. Cuniga thereafter entered into a conditional guilty plea. Cuniga agreed to plead to the indictment and to waiving his right to appeal any aspect of his prosecution other than the result of the suppression hearing, prosecutorial misconduct, and ineffective assistance of counsel. The district court accepted the plea and sentenced Cuniga to the punishment of record.

On appeal, counsel for Cuniga writes that he can discern no error in the outcome of the suppression hearing and, as that is virtually the only appellate avenue available to Cuniga, counsel concludes that the appeal is frivolous.

An examination of the record and law supports counsel's conclusion. It is initially noted that this court has upheld plea agreements in which defendants unconditionally waive the right to appeal. *See, e.g., United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir.2001). There is no hint of any impropriety in the plea itself, so the only appellate grounds available to Cuniga are the suppression hearing, prosecutorial misconduct and ineffective counsel. There is no question or evidence of prosecutorial overreaching and claims of ineffective assistance of trial counsel are generally disfavored on direct appeal in this circuit. *See, e.g., United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir.1993).

A review of the evidence in the light most favoring the district court's decision

shows that the arresting officers had ample reason to initiate an encounter with Cuniga. When an officer conducts a brief investigatory stop of a person or vehicle, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (quotations omitted). This court will consider the "totality of the circumstances" to determine whether the detaining officers had a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *United States v. Orsolini*, 300 F.3d 724, 728 (6th Cir.2002). In the case at bar, the officers recognized Cuniga from a similar manifest check the preceding week. Cuniga paid for his "last minute" plane ticket with cash, the telephone number he left with the airline as a "call back" was not valid, and he appeared nervous to the officers. These are sufficient grounds upon which to base an investigatory stop.

It is also clear that the district court's decision to deny the suppression motion was otherwise supported in law and fact. The testimony was consistent with a brief, warranted investigatory stop that resulted in an admission of criminal activity. The testimony at the hearing established that Cuniga was informed of, and later supplied a copy of, his *Miranda* rights prior to his admission concerning the methamphetamine in his luggage. Two different officers testified that they conversed with Cuniga in English, and that he was apparently able to read and comprehend the waiver of rights form signed by him. There is no suggestion of any other impropriety in the plea or sentence and, in any event, Cuniga has waived his right to make any such appellate claim. This appeal lacks merit.

Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.