Peter J. **BINDER,** Petitioner–Appellant,

v.

Jimmy **STEGALL,** in his capacity as warden of the Macomb Correctional Facility in New Haven, Michigan, Respondent–Appellee.

No. 98–1697.

United States Court of Appeals, Sixth Circuit.

Argued: Nov. 1, 1999

Decided and Filed: Dec. 1, 1999

178

Philip A. Gillis (argued and briefed), Mount Clemens, Michigan, for Appellant.

Brad H. Beaver (argued and briefed), Office of the Attorney General, Habeas Corpus Division, Lansing, Michigan, for Appellee.

Before: MERRITT and NELSON, Circuit Judges; OLIVER, District Judge.*

## OPINION

MERRITT, Circuit Judge.

Petitioner Peter Binder, a state prisoner, appeals the district court's denial of his petition seeking a writ of habeas corpus. He was convicted after trial in January 1991 of distributing more than 650 grams of cocaine in violation of Michigan law and was sentenced to life imprisonment. The single issue in his habeas petition is the constitutionality under the Due Process Clause of the following standard Michigan jury instruction regarding reasonable doubt:

A reasonable doubt is a fair, honest doubt growing out of the evidence or

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District

lack of evidence. It is not merely an imaginary doubt or possible doubt, but a doubt based upon reason and common sense. A reasonable doubt is just that—a doubt that is reasonable, after a careful and considered examination of the facts and circumstances of this case.

The case was assigned in the District Court to a magistrate judge. She found that it was "arguable" that petitioner had procedurally defaulted his claim, but went on to examine the merits of the claim and denied the petition because she found that the instruction adequately conveyed the meaning of reasonable doubt and was therefore not unconstitutional under the Due Process Clause. Both petitioner and the state filed objections to the report and recommendation, with the state objecting only to the magistrate judge's failure to decide the issue on the basis of procedural default. The district judge adopted the Report and Recommendation without discussion in a one-page order.

We agree with the magistrate judge that the procedural default issue raises more questions than the case on the merits. We will therefore assume without deciding that there was no procedural default by petitioner and decide the merits of the case.

The instruction on reasonable doubt given at petitioner's trial was adopted in 1990 by the Michigan Committee on Standard Jury Instructions. A review of petitioner's claim reveals that, at bottom, he believes the new standard instruction is not as good as the ones used previously. But he must demonstrate more than this. He must demonstrate that the instruction is contrary to federal law. As we stated in *Austin v. Bell*, 126 F.3d 843, 846 (6th Cir.1997), *cert. denied*, 523 U.S. 1088, 118 S.Ct. 1547, 140 L.Ed.2d 695 (1998) (citations omitted):

of Ohio, sitting by designation.

 

To warrant habeas relief, jury instructions must not only be erroneous, but also, taken as a whole, so infirm that they rendered the entire trial fundamentally unfair. If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly.

■ We recently upheld the constitutionality of the jury instruction at issue here in an unpublished decision, *Szenay v. Yukins*, No. 98–1138, 1999 WL 187482 at *6–7 (6th Cir. Mar.10, 1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 63, 145 L.Ed.2d 55 (1999).[1] In *Szenay* we specifically addressed two of the arguments presented by petitioner: (1) that the definition is "circular" and (2) that the omission of language concerning the "certainty" required in order to convict lowers the government's burden of proof. As we explained in *Szenay*, the Supreme Court does not require any particular form of words be used in advising the jury about the government's burden of proof. *Victor v. Nebraska*, 511 U.S. 1, 21, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). There are no magic words that must be included or omitted. The Due Process Clause requires only that the instruction not lead the jury to convict on a lesser showing than "reasonable doubt" and, when taken as a whole, adequately conveys the "concept" of reasonable doubt. The circularity and possible ambiguity does not render the instruction constitutionally infirm. *Szenay*, slip op. at **6.

Petitioner argues that the instructions used prior to the adoption of the one at issue here, which contained language describing reasonable doubt as a "doubt that would make you hesitate to act in the most serious and important affairs of your own lives," contained better definitions than the circular one used at petitioner's trial.

While this Court has approved the "hesitate to act" language in *United States v. Goodlett*, 3 F.3d 976, 979 (6th Cir.1993), it did not require that the language be included in a reasonable doubt instruction. *Szenay*, slip op. at **7 n. 2.

Petitioner also contends that comparing a reasonable doubt to a "fair, honest doubt" lowered the government's burden of proof. As we held in *Szenay*, the standard instruction does not suggest to the jury a lowering of the government's burden of proof. Taken as a whole the instruction informed the jury that it could convict only if the prosecution established guilt beyond a reasonable doubt and that the decision had to be based on a careful examination of the evidence. *Id.*

For the foregoing reasons, we affirm the judgment of the district court.

---

**1.** While not controlling here, we note that the Michigan Court of Appeals has also held that the instruction adequately conveys the mean-ing of reasonable doubt. *People v. Sammons*, 191 Mich.App. 351, 478 N.W.2d 901 (1991).