**Scott Alan FALKIEWICZ, Petitioner–Appellant,**

v.

**Henry N. GRAYSON, Warden, Respondent–Appellee.**

No. 03–2002.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 19, 2004.

Rehearing Denied Oct. 15, 2004.

Scott Alan Falkiewicz, Jackson, MI, pro se.

Laura Graves Moody, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Scott Alan Falkiewicz, a Michigan prisoner proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The district court granted Falkiewicz a certificate of appealability on one of his claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 2000, a prison hearing officer found Falkiewicz guilty of committing a major misconduct violation and ordered him to forfeit ninety days of good time credit. The state circuit court affirmed the hearing officer's decision in December 2000, and the Michigan Court of Appeals dismissed Falkiewicz's attempted appeal because he filed it as an appeal of right, not as a discretionary appeal. The Michigan Supreme Court denied leave to appeal in October 2001. Falkiewicz filed his petition for a writ of habeas corpus in August 2002, raising five claims. The district court denied the petition on the merits, but granted Falkiewicz a certificate of appealability with respect to his claim that he was disciplined for conduct based on a rule that is vague when applied to his conduct. This court denied Falkiewicz a certificate of appealability on his other claims by order entered January 21, 2004.

On appeal, Falkiewicz argues that: (1) a certificate of appealability should be granted on his claim that he was denied fair notice prior to being disciplined for conduct that is permitted by prison officials; and (2) his due process rights were violated when he was disciplined based on a vague interpretation of a prison rule. The state argues that Falkiewicz procedurally defaulted his claim by failing to perfect his appeal to the Michigan Court of Appeals.

Initially, we decline the state's invitation to decide the case on the basis of procedural default. The district court opted to decide the case on the merits because the state did not provide any guidance as to whether the appellate court's procedural rules are firmly established and regularly followed. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). The state has again failed to address these issues on appeal. Accordingly, we assume without deciding that there was no procedural default and decide the case on the merits. *See Binder v. Stegall,* 198 F.3d 177, 178 (6th Cir.1999).

We review de novo a district court's legal conclusions in habeas corpus actions and review its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999). Under the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir. 1998).

Upon review, we conclude that the district court properly denied Falkiewicz's petition. A hearing officer convicted Falkiewicz of being "out of place" in violation of a prison rule. Falkiewicz worked at a prison shoe factory, and did not report to his job on a day that he had a morning "call-out" for a medical appointment. He was scheduled to work from 6:30 a.m. to 2:15 p.m., and his appointment lasted from 8:20 a.m. to 9:12 a.m. Prisoners were allowed in and out of the work area at three designated times: 6:30 a.m., 12:00 noon, and 2:15 p.m. The prison work rule in question reads: "Failure to return to the factory on completion of pass business shall result in a Major Misconduct (Out of Place or Bounds–036)." Falkiewicz maintained that, since he had not been at work before his call-out, he did not fail to return to work. He argued that the prison work rule was vague because it did not state that a prisoner had to return to work at noon following a morning call-out. The state court concluded that the rule did not fail "to give notice of what is forbidden and what is permitted," citing *City of Chicago v. Morales,* 527 U.S. 41, 42, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999). The court also noted that, although the rule did not spell out a prisoner's responsibility in the precise situation Falkiewicz faced, there was evidence that a supervisor had advised Falkiewicz that he was required to return to work after an approved call-out.

The district court properly held that the state court's decision did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court. *See Williams,* 529 U.S. at 412–13. The void for vagueness doctrine only requires that the rule give fair warning of prohibited conduct. *Colten v. Kentucky,* 407 U.S. 104, 110, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). Here, the prison rule warned that failing to return to the factory after completing pass business was prohibited. Falkiewicz's strained interpretation that he was entitled to miss an entire day of work because of an appointment that lasted less than an hour does not withstand scrutiny. The state court's holding that this was fair warning to Falkiewicz is a reasonable application of Supreme Court precedent.

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.