NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0325n.06

Case No. 24-3977

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 02, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MICHAEL J. ELOSHWAY, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: KETHLEDGE, MURPHY, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** A jury convicted Michael Eloshway of receiving and distributing child pornography and possessing child pornography. Eloshway now appeals, claiming that his trial counsel rendered ineffective assistance of counsel and challenging the substantive reasonableness of his sentence. We affirm.

**I.**

In 2022, an Iowa Internet Crimes Against Children Task Force investigated the peer-to-peer file-sharing network BitTorrent and found Eloshway's IP address associated with several video files and images containing child sexual abuse material ("CSAM"). Later, FBI agents executed a search warrant at Eloshway's home, questioned him about downloading pornography, and requested that he consent to a polygraph test regarding the safety of his minor daughter.

Eloshway admitted that he had been using BitTorrent for twenty years. He understood that, by using BitTorrent, he was knowingly sharing the files downloaded to his computer with

others. He also admitted to downloading large pornography caches through BitTorrent, using search terms such as "skinny" and "teen porn," because he was "sexually stimulated by petite, female body types." R. 62, PageID 1116. Eloshway was aware that the large files he downloaded contained CSAM.

A grand jury indicted Eloshway for receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Before trial, the government and Eloshway's trial counsel submitted joint proposed voir dire topics, which included probing the jury venire on their opinions about whether adult pornography should be allowed on the internet. The district court conducted voir dire but allowed the parties to ask relevant questions beyond what it had asked. Eloshway's attorney asked several questions, none of which solicited the prospective jurors' opinions about adult pornography.

The jury convicted Eloshway on both counts. It also returned a special verdict finding that Eloshway possessed an image of a prepubescent minor under twelve years old.

The case proceeded to sentencing. The district court determined that Eloshway's advisory Sentencing Guidelines range was 210 to 240 months of imprisonment. After hearing argument from the government and Eloshway, the district court imposed a sentence of 121 months' imprisonment. The sentence represented a variance of 89 months below the bottom of the advisory Guidelines range. Eloshway timely appealed.

**II.**

On appeal, Eloshway argues: (1) his attorney was ineffective for failing to ask the jury about their opinions on adult pornography, and (2) the district court abused its discretion by imposing a substantively unreasonable sentence.

**A.**

We turn first to Eloshway's ineffective-assistance-of-counsel claim. To succeed on that claim, Eloshway must show that his counsel's performance was deficient and that the deficiency was so prejudicial that it deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The fact that Eloshway raises this issue on direct appeal creates an additional hurdle because the Supreme Court prefers that defendants challenge their counsel's effectiveness through collateral review under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Given this preference, we have adopted a "general rule" that a defendant "may not raise ineffective assistance of counsel claims for the first time on direct appeal." *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005) (quotation omitted). Indeed, this allows the district court—"the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial"—to address the ineffective-assistance inquiry in the first instance. *Massaro*, 538 U.S. at 505.

This general rule makes sense. "The evidence introduced at trial . . . will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide" ineffective-assistance-of-counsel issues. *Id.* So the appellate court is left with a record insufficiently "developed for assessing the merits of the allegation" of ineffective assistance. *United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir. 1993).

We have no reason to depart from the general rule in this case. The record is devoid of information as to why Eloshway's counsel failed to seek the venire's views on adult pornography or if that was a sound strategic choice. And even less so can we "ascertain whether the alleged error was prejudicial" without further factual development. *Massaro*, 538 U.S. at 505. Thus, we do not have an adequately developed record for determining the ineffective-assistance issue in the

first instance on direct appeal, *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995), nor are there "obvious deficiencies in representation" that we must confront sua sponte, *Massaro*, 538 U.S. at 508. We therefore will not review Eloshway's ineffective-assistance claim in this appeal.

**B.**

We turn next to Eloshway's challenge to the substantive reasonableness of his sentence. Substantive reasonableness concerns "whether the sentencing court gave reasonable *weight* to each" of the relevant 18 U.S.C. § 3553(a) factors. *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019). To that end, we take "into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Dunnican*, 961 F.3d 859, 880 (6th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). When a defendant challenges the substantive reasonableness of a sentence, it "is a claim that a sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We afford within-Guidelines sentences a presumption of reasonableness. *United States v. Xu*, 114 F.4th 829, 846–47 (6th Cir. 2024). So it follows that a defendant challenging a below-Guidelines sentence faces an "even more demanding" burden. *United States v. Betro*, 115 F.4th 429, 456 (6th Cir. 2024) (quotation omitted). We review the substantive reasonableness of a defendant's sentence under the abuse-of-discretion standard. *United States v. Denny*, 653 F.3d 415, 423 (6th Cir. 2011).

Eloshway cannot meet his burden. Eloshway's advisory Guidelines range was 210 to 262 months. After allowing Eloshway ample time to argue for a downward variance, the district court considered and weighed the pertinent § 3553(a) factors. The district court acknowledged various factors supporting a downward variance, including that Eloshway had: (1) no criminal history except for once operating a vehicle while intoxicated; (2) strong family support; (3) a lengthy and stable history of employment; (4) truthful polygraph results as to his desires for children; and

(5) less active distribution than demonstrated in other more serious cases. But the district court then emphasized the need to make certain that Eloshway does not commit this type of offense again and to protect the public from CSAM-related offenses because of their vile, heinous, and traumatic nature. In weighing the § 3553(a) factors, the district court concluded that a sentence of 121 months' imprisonment—89 months below the bottom of Eloshway's Guidelines range—was sufficient but not greater than necessary to satisfy the purposes of sentencing. Eloshway has failed to show that the district court did not give reasonable weight to the relevant § 3553(a) factors.

Eloshway argues that his below-Guidelines sentence is still too long because he lacked intent to distribute or even view CSAM and took measures to prevent its distribution after he discovered that the material inadvertently appeared on his computer. In essence, Eloshway "asks us to balance the factors *differently* than the district court did." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). But our deferential standard of review bars us from doing that. Eloshway has thus failed to rebut the presumption of reasonableness for his below-Guidelines sentence. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

## III.

For these reasons, we **AFFIRM** the district court's judgment.